IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DAVID EDWIN WOODFIN,

    Petitioner,

v.                                        Civil Action No. 3:14CV663

HENRY PONTON,

    Respondent.

## MEMORANDUM OPINION

David Edwin Woodfin, a Virginia state prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Woodfin has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 4) will be granted.

### I.    PROCEDURAL HISTORY

#### A.    State Proceedings

The Circuit Court of the County of Powhatan ("Circuit Court") convicted Woodfin of second-degree murder and use of a firearm in the commission of a felony and sentenced Woodfin to an active twenty-year term of imprisonment. Commonwealth v. Woodfin, No. 08000120-00 & 01, at 2 (Va. Cir. Ct. Mar. 26,

2009). Woodfin appealed.[1] On June 3, 2010, the Supreme Court of Virginia refused Woodfin's petition for appeal. Woodfin v. Commonwealth, No. 092613, at 1 (Va. June 3, 2010).

On June 1, 2011, on behalf of Woodfin, St. Clair filed a petition for a writ of habeas corpus in the Circuit Court. Petition for a Writ of Habeas Corpus at 1, Woodfin v. Jennings, NO. CL11000099-00 (Va. Cir. Ct. filed June 1, 2011). The petition, however, was not signed by Woodfin and verified before a notary as required by section 8.01-655 of the Virginia Code.[2] (§ 2254 Pet. 9.) Instead, the petition was signed by Woodfin's mother, purporting to act through a power of attorney. (Id.)

On August 17, 2011, Respondent moved to dismiss Woodfin's habeas petition on the ground that it was not signed by Woodfin as required by section 8.01-655 of the Virginia Code and would now be barred by Virginia's statute of limitations should Woodfin attempt to refile the petition. Motion to Dismiss at 3-4, Woodfin v. Jennings, No. CL11000099-00 (Va. Cir. Ct. filed Aug. 17,, 2011). On September 28, 2011, the Circuit Court dismissed the petition for the reasons stated in the Motion to

---

[1] On August 18, 2009, Elizabeth Malkemus, Woodfin's mother, paid Duncan R. St. Clair, III "to represent Woodfin in his post-conviction remedies." (Pet'r's Resp. 2, ECF No. 9.)

[2] "In order for this petition to receive consideration by the Court, it must be legibly handwritten or typewritten, signed by the petitioner and verified before a notary or other officer authorized to administer oaths." Va. Code Ann. § 8.01-655 (West 2015).

2

Dismiss. <u>Woodfin v. Jennings</u>, No. CL11000099-00, at 3-4 (Va. Cir. Ct. Sept. 28, 2011).

According to a report of the Virginia State Bar:

> Malkemus contacted [St. Clair] by telephone in September, October, November and December 2011 to check on the status of the Petition. On each occasion, [St. Clair] told her that he had "not heard anything" and made no mention of the Motion to Dismiss or dismissal of the Petition.
> On or about December 15, 2011, Malkemus visited [St. Clair's] office to check on the status of the Petition and Respondent again told her that he had "not heard anything" and made no mention of the Motion to Dismiss or dismissal of the Petition.
> In January 2012, when she still had not received any status report from [St. Clair], Malkemus went to his office again and asked to look at her son's file. Upon review of the file, Malkemus observed the letters from the Office of the Attorney General to Respondent and the Powhatan County Circuit Court dated August 16, 2011 and September 6, 2011, referencing a motion to dismiss and dismissal order having been sent to Respondent.

(Pet'r's Resp. Ex. 3, at 5, ECF No. 9-3.)

Woodfin provides no information with respect to his actions following his mother's discovery of St. Clair's misrepresentations and his filing of the § 2254 Petition, except to note that he personally received a copy of the Circuit Court's order dismissing his habeas petition on March 5, 2013. (Pet'r's Reply to Resp't's Resp. 1-2; <u>id.</u> Ex. 4, ECF No. 16-4.)

**B. Federal Habeas Petition**

On September 26, 2014, Woodfin, by counsel, filed his § 2254 Petition. Woodfin asserts that he is entitled to habeas

relief because he failed to receive the effective assistance of counsel. Specifically,

| | |
|---|---|
| Claim One | Counsel failed to introduce evidence of Woodfin's disturbed mental state at trial. |
| Claim Two | Counsel failed to present testimony at trial relating to the prior threats and verbal abuse the deceased had directed at Woodfin. |
| Claim Three | Counsel failed to move to recuse the trial judge who had presided over the criminal trials of Woodfin's relatives. |
| Claim Four | Counsel failed to move for a change of venue. |
| Claim Five | Counsel failed to move to suppress statements Woodfin made to Powhatan County Sheriff's detectives. |
| Claim Six | Counsel failed to question witnesses regarding the discrepancies between their testimony and the autopsy report. |
| Claim Seven | Counsel failed to fully investigate and present evidence of the victim's drug use. |
| Claim Eight | Counsel cursed when he heard the Circuit Court pronounce Woodfin's sentence. |
| Claim Nine | Counsel failed to fully inform Woodfin of his plea negotiations with the Commonwealth and failed to convey a plea offer to Woodfin in a timely manner. |

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Woodfin's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244

to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Commencement And Running Of The Statute Of Limitations**

Woodfin's judgment became final on Wednesday, September 1, 2010, when the time to file a petition for a writ of certiorari

5

expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The statute of limitations began running on September 2, 2010. Two hundred and seventy-two days of the limitation period expired before Woodfin filed his state petition for a writ of habeas corpus. That petition, however, failed to toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not properly filed. See Jones v. Sec'y, Fla. Dep't Corr., 499 F. App'x 945, 950 (11th Cir. 2012) (concluding that state post-conviction motion that failed to comply with state law verification requirements did not toll limitation period). The statute of limitations ran for a total of one thousand four hundred and eighty-five days before Woodfin filed his § 2254 Petition. Thus, the statute of limitation bars Woodfin's § 2254 Petition.[3]

---

[3] Woodfin fails to suggest any basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D).

C. **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).[4]

---

[4] As explained more fully below, the diligence detailed by the petitioner in Holland stands in marked contrast to Woodfin's allegations here. See 560 U.S. 635-44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. See id. From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his

7

Here, St. Clair's misrepresentation to Woodfin's mother regarding the status of Woodfin's state habeas petition constitutes the sort of extraordinary circumstance that warrants equitable tolling. Cf. Madison v. Johnson, No. 3:09cv8, 2010 WL 1050196, at *5 (E.D. Va. Mar. 22, 2010) (observing that "counsel's false representation that a post-conviction pleading has been filed may warrant equitable tolling" (citing Downs v. McNeil, 520 F.3d 1311, 1325 (11th Cir. 2008); Beery v. Ault, 312 F.3d 948, 951-52 (8th Cir. 2002))). Nevertheless, as explained below, Woodfin fails to demonstrate that in the wake of St. Clair's misfeasance he acted diligently in filing his § 2254 Petition.

The record indicates that by January of 2012 Woodfin's mother knew that St. Clair was providing incomplete and inaccurate information regarding the status of Woodfin's state habeas petition. See El-Abdu'llah v. Dir., Va. Dep't Corr., No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted) ("[W]hen counsel's communications or lack thereof indicate that something is amiss . . . due diligence requires the petitioner to act on that information."). Thus, acting with reasonable diligence, by the end of February of

---

AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court. Id. at 653.

8

2012, Woodfin should have contacted the Circuit Court and would have discovered that his state habeas petition had been dismissed. See, e.g., Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (holding that lack of knowledge of court's decision may provide basis for equitable tolling when prisoner acts diligently to seek information about his case).

However, Woodfin fails to articulate any efforts he made to ascertain the status of his state habeas petition after January of 2012 or diligently pursue his § 2254 Petition. Such an omission forecloses equitable tolling for the twenty-one month period from March of 2012 until the filing of the § 2254 Petition in late September of 2014. See Ostrander v. Dir., Va. Dep't of Corr., No. 3:13cv634, 2014 WL 2170067, at *4 n.5 (E.D. Va. May 23, 2014) (citing Yang, 525 F.3d at 298);[5] see also LaCava v. Kyler, 398 F.3d 271, 279 (3d Cir. 2005) (concluding inmate's twenty-one months of inactivity was irreconcilable with a finding of diligence) As this period alone exceeds one year, equitable tolling fails to render Woodfin's § 2254 Petition timely.

---

[5] Contrary to Woodfin's suggestion, he fails to demonstrate that he acts with reasonable diligence so long as he filed his § 2254 Petition within one year of his actual receipt of the Circuit Court's order dismissing his state habeas petition. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (refusing to equitably toll limitation period where petitioner waited four months after learning of state decision before filing § 2254 petition).

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 4) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Woodfin is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to counsel of record.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 17, 2015